IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**LAUREN WHITE**, *individually,*
*and on behalf of those similarly situated,*

Plaintiffs,

v.                                                          No. _____

**ALL SECURE, LLC**,
*a Tennessee limited liability company*          **FLSA COLLECTIVE ACTION**
                                                            **JURY DEMANDED**
Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

Plaintiff Lauren White ("Plaintiff"), on behalf of herself individually, and on behalf of others similarly situated, files this Collective Action against Defendant All Secure, LLC ("Defendant") alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq.* In support therefore, Plaintiff states as follows:

### I.   INTRODUCTION

1. The FLSA was passed in 1938. The purpose of the FLSA is to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double

      payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Defendant by Plaintiff and all hourly-paid, non-exempt security guards who worked for Defendant during the three (3) years preceding the filing of this Complaint (collectively "the class"). Plaintiff and the class seek damages for unpaid overtime compensation for the three (3) years preceding the filing of this lawsuit.

3. These claims are unified through a common theory of Defendant's FLSA violations.

## II.   JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and omission giving rise to this cause of action occurred in this District.

## III.   PARTIES

6. Defendant All Secure, LLC ("All Secure" or "Defendant") is a Tennessee limited liability company. It can be served via its registered agent: Guylon Lavel Greer, 35 Magnolia Cv, Piperton, Tennessee 38017-5302.

7. Plaintiff and the class were employed by Defendant as hourly-paid, non-exempt security guards during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join form is attached hereto as *Exhibit A*.

## IV.   FACTUAL BASIS FOR SUIT

8. Defendant provides safety/security services for its clients in Tennessee, including various

apartment complexes in the Memphis, Tennessee area.

9. Plaintiff and the class worked for Defendant as hourly-paid, non-exempt security guards during the three (3) year period preceding the filing of this action.

10. Plaintiff and the class typically worked forty (40) or more hours per week for Defendant during all times material to this action.

11. However, Defendant classified Plaintiff and the putative class as "independent contractors" and did not pay them at a rate equal to at least one and one-half their regular rate of pay for all time worked over forty (40) in any given workweek.

12. As such, Plaintiff and the class would only be paid their regular hourly rate of pay for all hours worked over forty (40) per week.

13. Defendant had no good faith basis to believe that Plaintiff and the class were exempt from the overtime requirements of the FLSA.

14. Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff and the class overtime compensation.

15. Defendant had actual and/or constructive knowledge that Plaintiff and the putative class worked overtime hours.

16. Defendant financially benefitted by failing to pay Plaintiff and the class overtime.

17. Defendant's conduct as alleged herein was willful and has damaged Plaintiff and the class.

    a. <u>Plaintiff & Class Members Are Not Independent Contractors.</u>

18. Plaintiff and the class are employees as a matter of economic reality. The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 states that "most workers are employees under the FLSA's broad definitions." Plaintiff and the class qualify as employees under the FLSA.

19. The foregoing work performed by Plaintiff and the class is an integral part of Defendant's business; Defendant's business purpose is to provide exists to provide security services.

20. Defendant controlled Plaintiff and the class whenever they were performing services on behalf of the Defendant.

21. The duties of the Plaintiff and the class do not involve managerial work.

22. Plaintiff and class members do not make any significant relative investments in relation to their work with Defendant.

23. Plaintiff and the class have no opportunity to experience a profit or loss related to their employment. Defendant pays them a fixed hourly rate. They do not share in Defendant's monetary success; their income from their work is limited to their hourly rate.

24. The work of Plaintiff and class members does not require special skills, judgment, or initiative.

25. Plaintiff and the class are economically dependent on Defendant.

26. Plaintiff and the class are not, and cannot be, customarily engaged in an independently established trade, occupation, profession, or business when working for Defendant due to the excessive hours worked.

27. Plaintiff and the class have no authority to refuse or negotiate Defendant's rules and policies; they must comply or risk discipline or termination.

28. Despite these facts, Defendant failed to pay Plaintiff and the class the requisite overtime rate. Rather, Defendant paid them "straight time" for hours worked over forty (40) in a particular week, regardless of the number of hours worked over forty (40) in any week.

b. Defendant Willfully Violated the FLSA.

29. Defendant had no legitimate basis to believe that Plaintiff and the class were exempt from

the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiff and the class overtime compensation for all overtime hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

(a) Defendant had actual knowledge that Plaintiff and the class worked overtime hours;

(b) Defendant knew that it did not pay Plaintiff and the class one and one half (1½) times their regular rates of pay for all overtime hours worked;

(c) Defendant lacked any good-faith basis to believe that Plaintiff and the class fell within any exemption from the overtime requirements of the FLSA; and

(d) Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiff and the class overtime pay for all overtime hours worked, reducing labor and payroll costs.

30. Defendant knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class.

## II. COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

32. Plaintiff and the class performed the same or similar job duties as one another and were/are paid under the same pay policy or practice, regularly worked more than forty (40) hours per week, and were improperly classified as independent contractors.

33. The proposed collective class of similarly situated persons is defined as:

> All current and former security guard workers of Defendant worked at least one full week and who were not paid overtime at the applicable FLSA overtime rates of pay within weekly pay periods during the three (3) years preceding the filing of this action.[1]

---

[1] Plaintiff reserves the right to amend the Class Description.

34. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the misclassification and non-payment of overtime pay for overtime hours worked that applied to Plaintiff applies/applied to the class.

35. All putative class members, regardless of their precise job title, requirements, or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) hours per week because they were misclassified as independent contractors. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the putative class.

## COUNT I
**Violation of the Fair Labor Standards Act's Overtime Requirements**

36. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

37. Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty (40) hours without compensating such non-exempt employees for their overtime work.

38. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

39. Through its actions, plans, policies and practices Defendant has acted willfully and violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the class for all

hours worked in excess of forty (40) per week at one-and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees all unpaid overtime compensation;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and similarly situated employees liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;.

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled and any further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: August 8, 2022            Respectfully Submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS***